1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THEODORE RALPH LANDAKER,<br><br>                    Plaintiff,<br><br>        v.<br><br>BISHOP, WHITE, MARHALL &<br>WEIBEL, P.S.; CAPITAL ONE BANK<br>(USA), N.A.,<br><br>                    Defendants. | CASE NO. C12-5898 RJB<br><br>ORDER GRANTING DEFENDANT<br>BISHOP, WHITE, MARSHALL &<br>WEIBEL, PS'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>ORDER TO SHOW CAUSE |

11
12
13
14
15
16
17

        This matter comes before the Court on Defendant Bishop, White, Marshall & Weibel,

18  PS's motion for summary judgment.  The motion also seeks dismissal of the action against

19  Defendant Capital One Bank (USA), N.A.  The Court has considered the pleadings in support of

20  and in opposition to the motion and the record herein.

21                          **INTRODUCTION AND BACKGROUND**

22        Plaintiff Theodore Ralph Landaker filed this action against Defendants Bishop, White,

23  Marshall & Weibel, PS., (Bishop) and Capital One Bank (USA) NA., alleging two causes of

24

1   action: (1) violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692e and

2   (2) violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1692.  Dkt. 1.

3       Bishop is a law firm that specializes in retail collections law.  Dkt. 8 pp. 1-2.  Bishop was

4   retained by Capital One Bank to collect a debt on a credit card account with the named holder

5   Theodore R. Landaker.  Dkt. 8 p. 3. Dkt 8-1.  On July 10, 2012, Bishop requested that an

6   abbreviated credit summary be run in regard Theodore R. Landaker for the purposes of obtaining

7   and verifying the cardholder/debtor's address.  Dkt. 1 pp. 3; Dkt. 8 pp. 2.  The credit summary

8   does not identify specific creditors or provide anything other than generalized details regarding

9   Theodore Landaker's credit status. Dkt. 1 pp. 19-20; Dkt. 8-2 pp. 2-6.  At the time the credit

10  summary was requested, neither Plaintiff nor Capital One Bank provided Bishop with a

11  statement that Plaintiff was a victim of identity theft.  Dkt. 8 p. 2.

12      Bishop did not furnish the credit report summary to any third party or use it in any way

13  other than to determine the debtor's address.  Dkt. 8 p. 2.

14      On July 12, 2012, Bishop sent a letter to Plaintiff, advising that Bishop represented

15  Capital One. Dkt. 1 p. 5; Dkt. 8-2 p. 8.  The letter states that Capital One alleges that Plaintiff

16  owes $ 4,112.83, but that no decision had been made regarding whether further action is

17  appropriate.  *Id.*  The letter states that unless Mr. Landaker disputes the validity of the debt, or

18  any portion thereof, within thirty days after receipt of this letter, Bishop will assume the debt to

19  be valid.  *Id.*  The letter further states that upon receipt of timely notification of dispute of the

20  debt, Bishop will provide verification.  *Id*.  The letter requests that Plaintiff make contact to try to

21  resolve the matter.  *Id*.

22      On July 16, 2012, Plaintiff Theodore R. Landaker responded by sending a letter

23  disputing the debt on the ground that his son, Theodore Robert Landaker, had improperly used

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 2

1   his social security number to obtain the credit.  Dkt. 1 p. 10; Dkt. 8-2 p. 10.  Plaintiff states that if

2   Bishop "were to look into the Thurston County Court records [Bishop] would see that he has

3   been prosecuted many times for applying for credit using my social security number." *Id.*

4   Plaintiff enclosed a notice of dispute of the entire claimed debt and a demand for verification,

5   demanding documentation by way of a (1) copy of the signed application for the account, (2) list

6   of transactions along with copies of the sales slips, and (3) name of the creditor and proof of

7   authorization to collect the debt.  Dkt. 1 p. 11; Dkt. 8-2 p. 11.

8        Pursuant to Plaintiff's suggestion, Bishop conducted a search of the Thurston County

9   Superior Court records and found no indication that a Theodore Robert Landaker had been

10  prosecuted for applying for credit using his father's social security number.  Dkt. 8 p. 3; Dkt. 8-2

11  pp. 13-14.

12        On September 17, 2012, Bishop sent verification of the debt to Plaintiff.  Dkt. 8-2.  This

13  included copies of the account agreement and statements showing account detail verifying the

14  debt.  Dkt. 8-1 pp. 2-83.

15        On September 17, 2012, Plaintiff sent a second letter to Bishop, again stating that his son,

16  bearing the same name, had improperly used Plaintiff's social security number for the purposes

17  of obtaining credit.  Dkt. 1 pp. 7-8; Dkt. 8-2 p. 18.  This letter stated that Bishop's conduct was

18  ruining Plaintiff's credit.  Plaintiff threatened to commence a lawsuit against Bishop and

19  enclosed an unfiled copy of the instant complaint.  Dkt. 8-2 pp. 18-23.

20        On September 21, 2012, Bishop sent Plaintiff a brief four-sentence letter requesting

21  documentation regarding his claim of fraud or identity theft.  Dkt. 8 p. 3.  No

22  further action was taken to collect the debt.  No lawsuit was commenced against Plaintiff.

23

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 3

1         On October 10, 2012, Plaintiff filed this lawsuit.  Dkt. 1.  Bishop moves for summary

2    judgment of dismissal of all claims.

3    **SUMMARY JUDGMENT STANDARD**

4         Summary judgment is proper only if the pleadings, the discovery and disclosure materials

5    on file, and any affidavits show that there is no genuine issue as to any material fact and that the

6    movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is

7    entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

8    showing on an essential element of a claim in the case on which the nonmoving party has the

9    burden of proof.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  There is no genuine issue

10   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

11   for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586

12   (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

13   metaphysical doubt.").  See also Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a

14   material fact *e*xists if there is sufficient evidence supporting the claimed factual dispute,

15   requiring a judge or jury to resolve the differing versions of the truth.  *Anderson*

16   *v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical*

17   *Contractors Association*, 809 F.2d 626, 630 (9th Cir.1987).

18        The determination of the existence of a material fact is often a close question.

19   The court must resolve any factual issues of controversy in favor of the nonmoving party only

20   when the facts specifically attested by that party contradict facts specifically attested by the

21   moving party.  The nonmoving party may not merely state that it will discredit the moving

22   party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.

23   *T.W. Elect. Service Inc*., 809 F.2d at 630.  Conclusory, non specific statements in affidavits are

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 4

1   not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife*

2   *Federation*, 497 U.S. 871, 888–89 (1990).

3       Plaintiff has filed a response to the motion for summary judgment.  This response does

4   not controvert any of the factual evidence submitted by Bishop.  Instead, Plaintiff argues that

5   Bishop's submissions are inadmissible evidence as not meeting the "business records rule

6   exception."  Dkt 10 pp. 1-3.  Plaintiff's objection is without merit.  *See* Federal Rules of

7   Evidence 803(6) and 902(11); *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990).

8       In addition to the admissibility as business records, much of the evidence complained of

9   is attached to Plaintiff's Complaint.  See Dkt. 1 pp. 5-23.  Plaintiff may not challenge documents

10  that he previously provided without objection to their authenticity.  *See Maljack Productions,*

11  *Inc. v. GoodTimes Home Video Corp*., 81 F.3d 88, 889 n.12 (9th Cir. 11996).  Other records

12  complained of are in the nature of a public records of which the Court may take judicial notice.

13  *See* Fed. R. Evid. 201(b).

14      Plaintiff's objections to the submitted documentary evidence are without merit.  Not only

15  are many of the documents clearly business records, but they are also admissible on a number of

16  other grounds for purposes of summary judgment.

17      Plaintiff does request that summary judgment be denied and discovery be permitted.  This

18  request could be construed as a motion pursuant to Fed. R. Civ. P. 56(d) to continue the

19  summary judgment and allow discovery.  Rule 56(d) requires that the party seeking the

20  continuance must show that it lacks the facts essential to resist the summary judgment

21  motion.   A Rule 56(d) applicant is entitled to relief only if he shows that the discovery would

22  uncover specific facts which would preclude summary judgment.  *U.S. Cellular Inv. Co. v.*

23

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 5

1  *GTE Mobilnet, Inc*., 281 F.3d 929, 939 (9th Cir. 2002).  Plaintiff has not (1) stated the specific

2  facts he hopes to elicit from further discovery, (2) that the facts sought exist, or (3) that any

3  sought-after facts are essential to resist the summary judgment motion, therefore he has not met

4  any of the elements required to obtain a continuance.  *See State of Cal. On behalf of Cal. Dep't of*

5  *Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

## FAIR DEBT COLLECTION PRACTICES ACT

7        Plaintiff alleges that Bishop violated the FDCPA, 15 U.S.C. §§ 1692e(2), f(1) and g(b),

8  by not providing sufficient documents to verify the debt and that Bishop is collecting a debt on

9  behalf of Capital One that is not his, stating his son used his social security number to accrue the

10  debt.  Dkt. 1 pp. 1-4.  15 U.S.C. § 1692g(b) provides:

11        If the consumer notifies the debt collector in writing ... that the debt ... is disputed ... the
           debt collector shall cease collection of the debt ... until the debt collector obtains
12        verification of the debt ... and a copy of such verification ... is mailed to the consumer by
           the debt collector.

13

14        Plaintiff alleges that Bishop failed to provide proper and timely verification of the debt

    and failed to cease its collection efforts even though it had not verified the debt.

15

16        Plaintiff's claim is without merit.  Under the federal Fair Debt Collection Practices Act,

    15 U.S.C. § 1692g, verification of a debt involves nothing more than the debt collector

17

18  confirming in writing that the amount being demanded is what the creditor is claiming is owed.

19  *Clark v. Capital Credit & Collection Services, Inc*., 460 F.3d 1162, 1173-74 (9th Cir. 2006).  In

20  *Clark*, the defendant obtained information about the nature and balance of the outstanding bill

21  from the creditor and sent the plaintiffs a copy of the itemized statement provided by the

    creditor. The Ninth Circuit reasoned that the defendants were entitled to rely on their client's

22

23  statements to verify the debt and did not have a duty to investigate independently the amount of

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 6

the claimed debt. *Id.* at 1174. Bishop's verification of the debt satisfied the requirements of 15 U.S.C. § 1692g.

Additionally, there was no violation of timeliness in the response to the request for verification. A debt collector is not required to immediately verify a debt, but instead may cease all collection activity on the account until verification is provided. *Guerrero v. RJM Acquisitions, LLC,* 499 F.3d 926, 940 (9th Cir. 2007). Here, Plaintiff demanded verification of the debt on July 16, 2012. Bishop ceased collection efforts until verification was provided on September 17, 2012. Thus, Bishop did not violate 15 U.S.C. 1692g.

Plaintiff alleges that Defendants have violated 15 U.S.C. § 1692e(2), by the "false representation of the character, amount, or legal status of any debt," and that Defendants violated 15 U.S.C. § 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt—i.e., attempting to collect an amount that is not "expressly authorized by the agreement creating the debt or permitted by law." *See* Dkt. 1 p. 3.

Under 15 U.S.C. § 1692e(2), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt by providing a false representation of character, amount, or legal status of any debt.

Under 15 U.S.C. § 1692f(1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Plaintiff does not challenge the accuracy of the amount of debt sought to be collected. The sole basis for this claim is the allegation that his son used his social security number and accrued the debt at issue. Even assuming Plaintiff's claim to be true, there is no evidence that

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 7

1   Bishop's conduct was "false" for purposes of § 1692e or "unfair or unconscionable" for purposes

2   of § 1692f.  It is undisputed that, after receiving Plaintiff's statement that the debt belongs to

3   Plaintiff's son, Bishop only verified the debt, and made a request for documents to verify

4   Plaintiff's claim of alleged identity theft.  A debt collector is entitled to rely on the creditor's

5   statements to verify the debt, within reasonable limits, and a debt collector does not have a duty

6   to independently investigate claims presented by creditor.  *Clark v. Capital Credit & Collection*

7   *Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006).  There is nothing false, unfair, or unconscionable

8   in the actions of Bishop.

9          Further, all objective evidence (monthly statements and public records) reflects that the

10  debt belongs to Plaintiff.  Defendant has presented undisputed evidence that Mrs. Landaker owns

11  the real property in Olympia to which monthly statements were sent from August 2009 to June

12  2011, that Plaintiff lived there since 2005 when he filed for bankruptcy, and that most charges

13  reflected on the monthly statements occurred in the area of Olympia, WA.  It is also undisputed

14  that From July, 2011 to June, 2012, monthly statements were sent to an address in Florida where

15  Plaintiff's wife holds a driver's license and is registered to vote, and that the monthly statements

16  reflect that purchases during that time period were made from nearby businesses in Florida.   It is

17  undisputed that at least one payment to Capital One was by check from the Landaker's account

18  showing their Olympia address on a check signed by Plaintiff.  It further appears that Plaintiff's

19  son, Theodore Robert Landaker, has lived at various addresses, but never the address to which

20  statements were sent in Olympia or Florida.  Other than Plaintiff's assertions, no evidence that

21  the debt belongs to his son is presented.

22

23

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 8

1    Plaintiff has not raised a material issue of fact that Bishop made false representation for

2  the purposes of 15 U.S.C. §1692e(2), or that Bishop's conduct was either unfair or

3  unconscionable for purposes of § 1692f.

4    The Fair Debt Collection Practices Act claims are subject to dismissal.

5                          **FAIR CREDIT REPORTING ACT**

6    Plaintiff's Fair Credit Reporting Act claim is premised on the assertion that Defendants

7  obtained a credit report from credit reporting agencies "without permission or purpose." Dkt. 1

8  p. 3.

9    The Fair Credit Reporting Act (FCRA) is intended to safeguard against the improper

10 reporting of information on a credit report, either by the credit reporting agency or by the

11 furnisher of credit information, and against the improper disclosure of a credit report. *See* 15

12 U.S.C. § 1681(b); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 (9th Cir. 2001).  Under the

13 FCRA, sections relating to willful noncompliance, § 1681n, and negligent noncompliance, §

14 1681o, only apply to "consumer reporting agencies," or "users of information," as defined by the

15 statute. *See e.g.*, *Olson v. Atl. Mortg. & Inv. Corp.*, 24 F. Supp. 2d 976, 983 (D. Minn. 1998);

16 *Williams v. Amity Bank*, 703 F. Supp. 223, 226 (D. Conn. 1988).  A defendant that that is neither

17 a "credit reporting agency" nor a "user of information," as defined by the FCRA, is not liable

18 under the civil sections of the FCRA.  Where a party does not furnish reports containing

19 consumer credit information or other information on consumers to third parties it is not a

20 "consumer reporting agency."  See 15 U.S.C. § 1681a(f); *Williams v. Amity Bank*, 703 F. Supp.

21 at 226.  A law firm, such as Bishop, retained to collect on a debt is not a "consumer reporting

22 agency" as contemplated by the RCRA.  See *Ditty v. CheckRite, Ltd., Inc.*, 973 F. Supp. 1320,

23 1332-33 (D. Utah 1997).

24

1      Nor is Bishop a "user of consumer reports" as contemplated by the FCRA.  The FCRA

2  requires users of consumer information who deny credit or increase rates for the same due to

3  information contained in a consumer report to supply the consumer with the name and address of

4  the consumer reporting agency that furnished the report.  See 15 U.S.C. § 1681m.  A defendant

5  that has not denied credit or insurance or increased rates based on a credit report is not a user of

6  information for purposes of the FCRA.  *Lema v. Citibank (S. Dakota), N.A.*, 935 F. Supp. 695,

7  698 (D. Md. 1996).

8      Here, Bishop took no adverse action based upon the credit summary.  It merely verified

9  Plaintiff's address for the purposes of its collection efforts.  Bishop was not a "user of

10  information" as contemplated by the statute.

11      Bishop is not a credit reporting agency.  Bishop did not supply information to a credit

12  reporting agency.  Bishop is not a user of the report, because it took no adverse action based on

13  the report.  Bishop did not violate § 1681 simply because it requested a credit summary.  As a

14  matter of law, the FCRA simply does not apply to the facts before the court.

15      Even if Bishop were considered a "credit reporting agency" or "user of information,"

16  Bishop had a permissible purpose to obtain the report, under § 1681b(a)(3)(A), which was the

17  collection of an account.

18      Action taken in furtherance of the collection of a debt is also a permissible purpose

19  under 15 U.S.C. § 1681b(a)(3)(A).  *Huertas v. Galaxy Asset Mgmt*., 641 F.3d 28, 31 (3rd Cir.

20  2011)(Collection is a permissible purpose for obtaining a consumer report under the FCRA);

21  *Perretta v. Capital Acquisitions & Mgmt. Co*., 2003 WL 21383757 (N.D. Cal. 2003)(Under

22  section 1681b(a)(3)(A), a party is permitted to obtain an individual's credit information in

23  connection with the collection of a debt).

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 10

1  The FCRA provides for the recovery of statutory and punitive damages for willful

2  noncompliance with the statute.  15 U.S.C. § 1681n.  Plaintiff has not established the elements

3  required to show a violation of § 1681a(d), which are that the Defendant: (1) obtained a

4  "consumer report" from a "consumer reporting agency", (2) under false pretenses or knowingly

5  without a permissible purpose, and (3) acted willfully when it requested the report.  *Myers v.*

6  *Bennett Law Offices*, 238 F. Supp. 2d 1196, 1201 (D. Nev. 2002). A showing of a permissible

7  purpose is a complete defense.  *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117-18

8  (E.D.  N.Y. 1999); *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1275 (D. Md. 1996).

9  Action taken in furtherance of the collection of a debt is also a permissible purpose under

10  15 U.S.C. § 1681b(a)(3)(A).  *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 31 (3rd Cir. 2011).

11  Bishop requested the credit summary to obtain Plaintiff's address in the course of debt

12  collection which is a permissible purpose.  There is simply no evidence that Bishop obtained the

13  report under false pretenses.  The FCRA claim is subject to dismissal.

14  ### DEFENDANT CAPITAL ONE BANK (USA) NA

15  Defendant Bishop, White, Marshall & Weibel, PS requests that the Court dismiss this

16  action as to Defendant Capital One Bank (USA) NA.  Defendant argues that one only basis for a

17  claim against Capital Bank is vicarious liability for any wrongful conduct of the Bishop law firm,

18  and that, there being no viable claim against Bishop, Capital One is not subject to any liability.

19  Although Defendant's contentions may be correct, it is not the appropriate party to plead

20  a defense for Defendant Capital One.  Accordingly, the request to dismiss the action against

21  Capitol One will not be granted.

22  The docket reveals that an appearance has not been made on behalf of Defendant Capital

23  One Bank (USA) NA., and it may have not been properly served with summons and complaint.

24

ORDER GRANTING DEFENDANT
BISHOP'S MOTION FOR SUMMARY
JUDGMENT 11

1    Thus, not only is there an issue of the viability of a claim against Capital One, there may be a

2    question has to whether jurisdiction has been obtained over this Defendant.  Accordingly, the

3    Plaintiff is directed to show cause as to why Defendant Capital One Bank (USA) NA, should not

4    be dismissed form this action.

5                                              **CONCLUSION**

6           Therefore, it is hereby **ORDERED**:

7    1.   Defendant Bishop, White, Marshall & Weibel, PS's Motion for Summary Judgment

8         (Dkt. 7) is **GRANTED**.  Plaintiff's claims against this Defendant are **DISMISSED**

9         **WITH PREJUDICE**.

10   2.   Plaintiff shall **SHOW CAUSE** in writing, if any he has, no later than December 19,

11        2012, why the Court has jurisdiction over Defendant Capital One Bank (USA) NA,

12        and whether a viable claim is presented against this Defendant.  Failure to comply

13        with this Order will result in dismissal of this action against Capital One Bank (USA)

14        NA without further notice.

15   Dated this 4th day of December, 2012.

16

17

18   ROBERT J. BRYAN
     United States District Judge

19

20

21

22

23

24
     ORDER GRANTING DEFENDANT
     BISHOP'S MOTION FOR SUMMARY
     JUDGMENT 12